BRYAN SCHWARTZ LAW
BRYAN J. SCHWARTZ (SBN 209903)
RACHEL M. TERP (SBN 290666)
180 Grand Avenue, Suite 1380
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
          rachel@bryanschwartzlaw.com
*Attorneys for Plaintiffs and Proposed
California Class and FLSA Collective,
and on behalf of the general public*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Connie Rueda, Jessica Cotton, and Shelia Spencer, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Idemia Identity & Security USA, LLC, MorphoTrust USA, LLC, and Does 1-50,<br><br>Defendant. | Case No. 3:18-cv-03794-VC<br><br>**THIRD AMENDED CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES AND COSTS**<br><br>**(1) Failure to Pay Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*<br><br>(2) Failure to Pay Overtime Compensation, Cal. Lab. Code §§ 510, 1194 and IWC Wage Order No. 4<br><br>(3) Failure to Provide, Authorize, or Permit Meal and Rest Periods, Cal. Lab. Code §§ 226.7, 512 and IWC Wage Order No. 4<br><br>(4) Failure to Provide Itemized Wage Statements, Cal. Lab. Code § 226<br><br>(5) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties, Cal. Lab. Code §§ 201-204<br><br>(6) Failure to Compensate for All Hours Worked in Violation of Lab. Code § 223 and IWC Wage Order No. 4<br><br>(7) Failure to Reimburse Business Expenses in Violation of California Labor Code § 2802;<br><br>(8) Unlawful and / or Unfair Business Practices, Cal. Business & Professions Code § 17200 *et seq.*<br><br>(9) Civil Penalties Under the Private Attorneys General Act of 2004 ("PAGA") § 2698 *et seq.*** |

**United States District Court**
**Northern District of California**

1

## PRELIMINARY STATEMENT

2      1.      This is a collective, class, and representative action brought by Individual

3    Plaintiffs Connie Rueda, Jessica Cotton, and Shelia Spencer ("Plaintiffs") on their own behalf and

4    on behalf of the Proposed FLSA Collective and California Class identified below. Plaintiffs and

5    the putative Class members are or were employed by Defendant Idemia Identity & Security USA,

6    LLC, MorphoTrust USA, LLC, and Doe Defendants (collectively and hereinafter, "Defendants"),

7    in positions including Enrollment Agent I, Enrollment Agent II, Lead Enrollment Agent, Mobile

8    Enrollment Agent, and other job titles performing the same or similar customer enrollment duties

9    in a non-supervisory capacity for Defendants' Enrollment Services department throughout

10   California and elsewhere in the United States (collectively and hereinafter, "Enrollment

11   Agents").[1]

12      2.      Plaintiffs as well as members of the Proposed FLSA Collective and Proposed

13   California Class should, but do not, receive pay consistent with the requirements of federal and

14   state wage-and-hour laws. These employees are similarly situated for the purposes of certification

15   under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act

16   ("FLSA"), 29 U.S.C. § 216(b).

17      3.      The Proposed FLSA Collective is made up of all persons who worked for

18   Defendant as Enrollment Agents in the United States, and who worked more than forty hours

19   during at least one workweek at any time within three years prior to the filing of this collective

20   action through the final disposition of this action (the "Collective Period").

21      4.      The Proposed California Class is made up of all persons who worked for

22   Defendants as Enrollment Agents in California, and who worked at least one shift over three-and-

23   a-half hours for Defendants as Enrollment Agents in the state of California within four years prior

24   to this action's filing date through the final disposition of this action (the "California Class

25   Period").

26   ─────────────────

27   [1] While Plaintiffs are former employees, the pleadings shall proceed in the present tense.

28

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR
DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

1    5.    The Proposed California Waiting Time Penalties Subclass is made up of all

2    Proposed California Class members who are no longer employed by Defendants and have not

3    been employed by Defendants for more than seventy-two hours within three years prior to this

4    action's filing date through the final disposition of this action (the "Waiting Time Penalties

5    Subclass Period").

6    6.    The Proposed California Itemized Wage Statement and PAGA Subclass is made

7    up of all Proposed California Class members who are or were employed by Defendants within

8    one year prior to this action's filing date through the final disposition of this action (the "IWS &

9    PAGA Subclass Period").

10    7.    Plaintiffs seek relief for the Collective and California Classes for Defendants'

11    failure to pay appropriate compensation to each member of the Collective and California Classes

12    pursuant to applicable federal and state statutes, rules, regulations, and California's Industrial

13    Welfare Commission ("IWC") Wage Order No. 4. Plaintiffs seek damages, penalties, restitution,

14    injunctive relief as well as fees and costs, in order to remedy the Defendants': failure to pay

15    proper overtime premiums to Enrollment Agents for hours worked over eight in a day and forty in

16    a week; failure to provide, authorize, and/or permit Enrollment Agents to take meal and rest

17    periods and failure to pay premiums for such missed breaks; failure to pay Enrollment Agents for

18    all hours worked; failure to provide Enrollment Agents with accurate and complete itemized wage

19    statements as required by law; failure to reimburse all necessary business expenses; failure to

20    correct the foregoing deficiencies and pay all wages due timely, and upon Enrollment Agents'

21    termination; and failure to provide appropriate postings regarding employee's wage and hour

22    rights.

23    **THE PARTIES**

24    8.    Plaintiff Connie Rueda is an individual residing in Alameda County, California.

25    Defendants employed Ms. Rueda from approximately June 2017 through June 2018 as an

26    Enrollment Agent I. While employed by Defendants, Ms. Rueda worked in Defendants' City of

27    Alameda office in Alameda County, California. A signed consent form for Ms. Rueda is attached

28

United States District Court
Northern District of California

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR
DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

as Exhibit A.

9.     Plaintiff Jessica Cotton is an individual residing in Alameda County, California. Defendants employed Ms. Cotton from approximately March 2016 through June 2018 as an Enrollment Agent I. While employed by Defendants, Ms. Cotton worked in Defendants' City of Alameda and City of Oakland offices in Alameda County, City of San Francisco office in San Francisco County, and City of Reno office in the State of Nevada. A signed consent form for Ms. Cotton is attached as Exhibit B.

10.    Plaintiff Shelia Spencer is an individual residing in Las Vegas, Nevada. Defendants employed Ms. Spencer from approximately June 2016 to January 2017 as an Enrollment Agent I. While employed by Defendants, Ms. Spencer worked in various locations in both Nevada and California. Ms. Spencer's work in California locations included shifts in Defendants' Oakland, San Francisco Airport, and San Jose offices. A signed consent form for Ms. Spencer is attached as Exhibit C.

11.    Upon information and belief, Defendant Idemia Identity & Security USA, LLC is a limited liability company incorporated in Delaware, with a principal place of business in the State of Massachusetts, which does business in and maintains offices in many states throughout the United States, including in Alameda County, California. Defendant specializes in producing security and identity technology products and services. At all times relevant to this action, Defendants have been an employer covered by the FLSA, the California Labor Code, and the IWC Wage Order No. 4.

12.    Upon information and belief, Defendant MorphoTrust USA, LLC, is a wholly-owned subsidiary of Defendant Idemia. MorphoTrust USA, LLC is incorporated in Delaware, with a principal place of business in the State of Massachusetts, which does business in and maintains offices in many states throughout the United States, including in Alameda County, California. At all times relevant to this action, Defendants have been an employer covered by the FLSA, the California Labor Code, and the IWC Wage Order No. 4. On information and belief, Defendant MorphoTrust USA, LLC, is not registered to do business in the State of California.

- 3 -

13.     Defendant Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative Class members herein alleged were proximately caused by such Defendant.

## JURISDICTION AND VENUE

14.     Venue is proper under California Code of Civil Procedure Section 395(a) and 395.5, because Defendants maintain an office in, and Plaintiffs performed work for Defendants in Alameda County.  Defendants have removed this civil action to federal court.

## FACTUAL ALLEGATIONS

15.     Defendants employed Plaintiffs as well as Class and Collective Action Members as Enrollment Agents (as defined in paragraph 1, *supra*) in Defendants' enrollment locations throughout the United States.

16.     Plaintiffs as well as Class and Collective Action Members' primary job duty is non-exempt, hourly work consisting of enrolling individuals into the federal Transportation Security Administration's ("TSA") Universal Enrollment Services ("UES") programs including TSA Pre✓® ("TSA Pre-Check") and TWIC® (Transportation Worker Identification Credential, or "TWIC"), and providing customers with other identity-related products and services offered by Defendants. Defendants also require Plaintiffs as well as Class and Collective Action Members to engage in sales activities related to Defendants' identity products and services.

17.     Defendants pay Class and Collective Action Members under a common compensation plan and policy. Defendants classify Class and Collective Action Members as non-exempt workers under federal and California state law and pay them an hourly rate for their work. Defendants also pay commissions to Class and Collective Action Members, which are tied to their sales duties. Defendants do not pay meal or rest break premiums.

18.     Defendants schedule Plaintiffs as well as Class and Collective Action Members to

- 4 -

enroll high volumes of customers during each shift. During an eight-hour shift, it is typical for Defendants to pre-schedule an Enrollment Agent for appointments to enroll one customer every ten minutes for most of the duration of the shift in addition to requiring the Enrollment Agent to take same-day appointments, as well as to see all walk-in customers. Defendants expect Plaintiffs to complete these job duties within their regular shift hours though often Plaintiffs and the class members cannot do so, without working through breaks. Enrollment Agents perform their duties subject to the supervision of managers and supervisors, who typically work offsite.

19.     Plaintiffs and Class and Collective Action Members sometimes work more than eight hours in a day or forty hours in a given workweek. Defendants have failed to pay Class and Collective Action Members proper overtime wages for this work.

20.     When Defendants pay a Class and/or Collective Action Member for overtime hours worked, Defendants exclusively rely on the Class and/or Collective Action Member's hourly rate of pay to calculate the overtime premium. Defendants do not incorporate into the overtime calculation, a Class and/or Collective Action Member's commission or other pay.

21.     Defendants require Plaintiffs to work off the clock. For example, Defendants require Plaintiffs as well as Class and Collective Class Members to complete training modules and tests in the course of their employment. Defendants do not compensate Plaintiffs for time spent taking training modules or tests.

22.     Defendants fail to provide, authorize, or permit Plaintiffs and Class Members to take rest breaks when they work shifts of three-and-a-half hours or more. Idemia has lacked a written rest break policy in line with the Wage Orders and Labor Code. Further, Defendants have failed to implement a rest break policy. Defendants have not provided training to Plaintiffs and Class Members regarding how to take lawful rest breaks or how to report missed rest breaks.

23.     Defendants impose high-volume work schedules upon Class Members and other demands which do not permit rest breaks. As a result, Plaintiffs and Class Members do not have truly available, unencumbered rest breaks, and are routinely unable to take rest breaks during their shifts.

United States District Court
Northern District of California

24.    Defendants fail to provide, authorize, or permit Plaintiffs and Class Members to take meal breaks when they work shifts of more than five hours. Defendants have failed to implement a compliant meal break policy. Defendants have not provided training to Plaintiffs and Class Members regarding how to take lawful meal breaks or how to report missed meal breaks in order to receive premiums.

25.    Defendants impose high-volume work schedules upon Class Members and other demands which do not permit all meal breaks to be taken.

26.    Defendants require Class and Collective Action Members to report their hours on a weekly basis into Defendants' timekeeping system. Defendants' timekeeping system does not provide Plaintiffs and California Class Members with a method of reporting their missed meal and/or rest breaks.

27.    Plaintiffs Cotton and Rueda repeatedly alerted their supervisor that they were missing lawful breaks. It was not until May 9, 2018, that their supervisor emailed them instructions for taking rest breaks. On or around May 11, 2018, Plaintiff Cotton reported to her supervisor that she had missed eight rest breaks in the last workweek, and that she had regularly missed breaks throughout her employment. Subsequently, when she received her paystub for that pay period, Defendants did not include in the paystub any premiums for her missed breaks.

28.    On or around May 17, 2018, Defendants for the first time circulated an updated meal and rest break policy to employees that finally provided information to Enrollment Agents on how to take meal and rest breaks. However, Defendants have not changed their practice of failing to pay premiums to California Class Members when they report missed breaks.

29.    Upon information and belief, Defendants have never paid Plaintiffs or any Class Member a meal or rest period premium for a missed break, as required under California Labor Code sections 226.7 and 512 as well as IWC Wage Order No. 4-2001.

30.    Defendants do not keep accurate records of the hours worked by Class and Collective Action Members.

31.    As a result of the forgoing legal violations, Defendants do not issue accurate

United States District Court
Northern District of California

itemized wage statements.

32.     Defendants also failed to timely pay Plaintiffs and Class Members all wages due, including all unpaid wages due upon termination.

33.     Defendants failed to properly pay reimbursements to Plaintiffs and Class Members for all job-related expenses incurred, including for the regular use of their cell phones and data plans in performing their job duties.

34.     Defendants failed to compensate Plaintiffs and Class Members minimum wages and/or time and a half their regular rate of pay for all work completed outside of normal wok hours, specifically time spent on cell phones, computers or laptops performing work related tasks such as completing trainings or work related online modules.

35.     On information and belief, Defendants fail to post appropriate IWC Wage Orders at enrollment sites throughout California, or appropriately make such orders available to employees.

36.     Defendants' conduct, as set forth in this Complaint, is willful. Defendants operate under a scheme that has caused significant damages to Plaintiffs as well as Class and Collective Action Members.

## **COLLECTIVE ACTION ALLEGATIONS**

37.     Plaintiffs bring this action on behalf of themselves and other similarly situated employees in the Proposed Collective Class (as defined in paragraph 3, *supra*) as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' consent forms are attached hereto as Exhibits A, B, and C.

38.     Plaintiffs, on behalf of themselves and the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

39.     Plaintiffs and the Collective Class have at times worked more than 40 hours per week.

40.     Plaintiffs and the Collective Class receive an hourly rate of pay, in addition to commissions for sales work.

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

United States District Court
Northern District of California

41.     Defendants fail to incorporate Plaintiffs and Collective Class Members' commission pay and other pay, into the regular rate of pay for the purpose of calculating overtime premiums.

42.     Defendants operate under a scheme to deprive Plaintiffs and the Collective Class of overtime compensation by failing to properly calculate their regular rate of pay.

43.     Further Defendants fail to Pay Plaintiffs and the Collective Class for all hours worked, including time spent on mandatory training and tests, as well as during missed but unreported meal breaks.

44.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Proposed Collective Class. There are numerous similarly-situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

45.     Plaintiffs bring this action as a class action pursuant to Rule 23 on behalf of the Proposed California Class (as defined in paragraph 4, *supra*), the Proposed California Waiting Time Penalties Subclass (as defined in paragraph 5, *supra*), and the Proposed California Itemized Wage Statement Subclass (as defined in paragraph 6, *supra*).

46.     Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs, demonstrating that class treatment is warranted under Rule 23.

47.     Numerosity: The California Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants have employed more than 60 Enrollment Agents to perform work in California.

48.     Typicality: Plaintiffs' claims are typical of the members of the California Class.

United States District Court
Northern District of California

- 8 -

Plaintiffs are informed and believe that at various times, Enrollment Agents work more than eight hours per day and more than 40 hours per week during the Class Period. Enrollment Agents have received commissions for sales activity but have not had these commissions included in their regular rate of pay for overtime calculations. Plaintiffs have had the same duties as or similar duties to other California Class Members and have been subject to Defendants' policy and practice of: improperly failing to pay appropriate overtime compensation for all hours worked; failing to calculate the regular rate of pay for the purpose of calculating overtime pay to include commission pay and missed meal and rest break premium pay; failing to pay for all hours worked; failing to provide, authorize, and permit the California Class to take meal and rest breaks and failing to pay premiums for missed breaks; failing to maintain accurate time records of hours worked by the California Class; and failing to provide reimbursements for all necessary business expenses.

49.    Plaintiffs are typical of the proposed California Waiting Time Penalties Subclass, in that they were employed by Defendants within three years prior to the filing of this suit, and Defendants willfully failed to pay final wages and reimbursement of business expenses, in full and on time, after employment ended.

50.    Plaintiffs Rueda and Cotton are typical of the proposed California Itemized Wage Statement Subclass because they have worked for Defendants within one year prior to the filing of this suit, and Defendants routinely fail to issue them accurate itemized wage statements.

51.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where an individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

52.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the Proposed California Class (and the proposed California Itemized Wage Statement Subclass and

- 9 -

California Waiting Time Penalties Subclass), have no conflicts with the Proposed California Class's interests, and have retained counsel experienced in complex wage and hour class and collective action litigation.

53.     Commonality: Common questions of law and fact exist as to all members of the California Class, are of general interest to the California Class, and predominate over any questions solely affecting individual members of the California Class, including but not limited to:

A.     Whether Defendants fail to pay Class Members overtime wages for time worked in excess of forty hours per week and/or eight hours per day;

B.     Whether Defendants violate § 510 of the California Labor Code and IWC Wage Order No. 4, § 3, by failing to pay Class Members overtime compensation;

C.     Whether Defendant underpays Class Members for overtime hours worked by calculating Class Members' overtime premiums using only Class Members' hourly rate of pay rather than using Class Members' regular rate of pay (which includes commission and other pay), in violation of state and federal wage laws;

D.     Whether Defendants' failure to pay overtime compensation to Class Members constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200, *et seq.*;

E.     Whether Defendants violate California Labor Code § 226.7 and IWC Wage Order No. 4-2001 by failing to provide, authorize, and/or permit rest periods;

F.     Whether Defendants unlawfully fail to pay premiums for missed rest breaks in violation of state wage laws;

G.     Whether Defendants' failure to provide, authorize, and/or permit adequate rest periods, and failure to pay rest period premiums for missed rest periods

United States District Court
Northern District of California

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200 *et seq.*;

H.     Whether Defendant violate California Labor Code §§ 226.7 and 512 as well as IWC Wage Order No. 4-2001 by failing to provide, authorize, and/or permit meal periods;

I.      Whether Defendants unlawfully fail to pay premiums for missed meal periods in violation of state wage laws;

J.      Whether Defendants' failure to provide, authorize, and/or permit adequate meal periods, and failure to pay meal period premiums for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200 *et seq.*;

K.     Whether Defendants knowingly and intentionally violate California Labor Code § 226(a) by failing to furnish Class Members with accurate, itemized wage statements at the time of payment of their wages showing their total hours worked;

L.      Whether Defendants knowingly and intentionally violate California Labor Code § 226(a) by failing to furnish Class Members with accurate, itemized wage statements at the time of payment of their wages showing their proper rates of pay;

M.     Whether Defendants knowingly and intentionally violate California Labor Code § 226(a) by failing to furnish Class Members with accurate, itemized wage statements at the time of payment of their wages showing payment for missed and/or on-duty meal and/or rest periods among wages earned throughout the Class period;

N.     Whether Defendants fail to keep accurate time records for all hours worked by the Plaintiffs and Class Members in violation of state wage laws;

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

United States District Court
Northern District of California

O.   Whether Defendants have violated Labor Code sections 201-204 by failing to timely pay Class members all wages owed, including upon discharge;

P.   Whether Defendants have failed to properly indemnify Class Members for their necessary employment-related expenses and losses in violation of California Labor Code § 2802;

Q.   Whether Defendants' failure to pay all compensation owed to Class Members at the time of termination of employment constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code §§ 17200 et seq.;

R.   Whether Defendants' actions are willful;

S.   The proper measure of damages sustained by Class Members.

54.   This case is maintainable as a class action under Rule 23 because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

55.   Class certification is also appropriate under Rule 23 because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices applicable to the Proposed California Class members denied them overtime pay as well as meal and rest periods, and reimbursements to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

56.     Plaintiffs intend to send notice to all members of the Proposed California Class. The names and addresses of the members of the Proposed California Class are available from Defendants.

**FIRST CLAIM FOR RELIEF**

**FAIR LABOR STANDARDS ACT**

**29 U.S.C. § 201, *et seq.***

**(On Behalf of Plaintiffs and the Proposed Collective Class)**

57.     Plaintiffs and the Collective Class allege and incorporate by reference the allegations in the preceding paragraphs.

58.     Plaintiffs consent-to-join this action for violation of the Fair Labor Standards Act (FLSA) under 29 U.S.C. §216(b), with the forms attached hereto as Exhibits A, C, and B.

59.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

60.     Plaintiffs and the Collective Class are entitled to be paid overtime compensation at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week including but not limited to time spent outside of normal work hours, specifically time spent on cell phones, computers or laptops performing work related tasks such as completing trainings or work related online modules.

61.     . By failing to compensate Plaintiffs and the Collective Class all overtime pay due, Defendants violate the FLSA, 29 U.S.C. § 201, *et seq*.

62.     Defendants know or show reckless disregard for the fact that they fail to pay these individuals all overtime compensation due in violation of the FLSA.

63.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

64.     The forgoing conduct, as alleged, precludes a finding that Defendants' conduct was in good faith or that Defendants have reasonable grounds for believing its acts or omissions

- 13 -

United States District Court
Northern District of California

were not in violation of the FLSA pursuant to 29 U.S.C. § 260, so as to avoid a liquidated damages or other award.

65.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of all unpaid overtime compensation owed to Plaintiffs and the Collective Class to be established at trial, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and other legal and equitable relief as the Court deems just and proper. Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### UNPAID OVERTIME WAGES UNDER CALIFORNIA STATE LAW

**California Labor Code §§ 510 and 1194, and IWC Wage Order No. 4**

**(On Behalf of Plaintiffs and the Proposed California Class)**

66.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

67.     The overtime wage provisions of California Labor Code §§ 510, 1194, 1198, and the IWC Wage Order No. 4 apply to Defendants and protect Plaintiffs and the Proposed California Class.

68.     Defendants, pursuant to their policies and practices, unlawfully and willfully refuse to pay Plaintiffs and Proposed California Class members overtime premiums the hours they work over eight hours in a day and over 40 hours in a week based on their regular rate of pay.

69.     By failing to pay overtime wages to Plaintiffs and the California Class based on their regular rate of pay, Defendant willfully violate, and continue to violate, Plaintiffs' statutory rights and those of the Proposed California Class under the California Labor Code and its supporting IWC Wage Order No. 4.

70.     Plaintiffs, on behalf of themselves and the Proposed California Class, seek damages for their loss of earnings for hours of overtime worked on behalf of Defendants, in an

- 14 -

amount to be established at trial, plus reasonable attorneys' fees and costs of the action under California Labor Code § 1194, interest, and such other legal and equitable relief as the Court deems proper.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PROVIDE OR AUTHORIZE MEAL AND REST PERIODS

**California Labor Code §§ 226.7 and 512 as well as IWC Wage Order No. 4**

**(On Behalf of Plaintiffs and the Proposed California Class)**

71.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

72.    Plaintiffs and the Proposed California Class regularly work more than three and one-half hours in a day without being authorized and permitted to take a ten-minute rest period in which they are relieved of all duties, and regularly worked more than six hours in a day without being authorized and permitted to take two, ten-minute rest periods in which they are relieved of all duties per four hours or major fraction thereof, as required under California Labor Code § 226.7 and IWC Wage Order No. 4.

73.    Because Defendants fail to afford proper rest periods, they are liable to Plaintiffs and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods are not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Order No. 4.

74.    Plaintiffs and the Proposed California Class work more than five hours in a day without being authorized and permitted to take a thirty-minute rest period in which they are relieved of all duties, as required under California Labor Code §§ 226.7 and 512, as well as IWC Wage Order No. 4.

75.    Because Defendants fail to afford proper meal periods, they are liable to Plaintiffs and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods are not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Order No. 4.

United States District Court
Northern District of California

76.     Defendants' failure to pay missed break premiums is done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order No. 4.

77.     By violating California Labor Code §§ 226.7 and IWC Wage Orders, Defendants are liable for unpaid missed break premiums, plus reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**California Labor Code § 226**

**(On Behalf of Plaintiffs and the Proposed California Class)**

78.     Plaintiffs, on behalf of themselves and the Proposed California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

79.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

80.     Defendants knowingly and intentionally fail to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiffs and the Proposed California Class in accordance with Labor Code § 226(a). Such failure causes injury to Plaintiffs and the Proposed California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are entitled. Plaintiffs and the Proposed California Class are therefore entitled to the damages and penalties provided for under California Labor Code § 226(e). Additionally, Plaintiffs and the California Class are entitled to attorneys' fees and costs pursuant to California Labor Code § 218.5 and California Code of Civil

- 16 -

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

Procedure § 1021.5. Pursuant to California Labor Code § 226(g), Plaintiffs are also entitled to seek injunctive relief requiring Defendant to comply with Labor Code § 226(a).

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PAY EARNED WAGES TIMELY AND UPON DISCHARGE

**California Labor Code §§ 201-204**

**(On Behalf of Plaintiffs and the Proposed California Waiting Time Penalties Subclass)**

81.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

82.     Defendants directly control the pay of Plaintiffs and the Proposed California Waiting Time Penalties Subclass. Defendants are responsible for making prompt payments to Plaintiffs and the Proposed California Waiting Time Penalties Subclass.

83.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

84.     Plaintiffs and the Proposed California Waiting Time Penalties Subclass members ceased employment with Defendants and are entitled to unpaid compensation, but to date have not received such compensation, more than seventy-two hours after cessation of their employment.

85.     Defendant failed to pay the earned and unpaid wages of Plaintiffs and the Proposed California Waiting Time Penalties Subclass within 30 days from the time such wages should have been paid under California Labor Code §§ 201 and 202.

86.     Defendant willfully failed to timely compensate Plaintiffs and the Proposed California Waiting Time Penalties Subclass for all hours worked. As a result, Defendant is liable to Plaintiffs and the Proposed California Waiting Time Penalties Subclass, under California Labor Code § 203, together with interest thereon, plus reasonable attorneys' fees and costs under

United States District Court
Northern District of California

California Labor Code § 218.5 and California Code of Civil Procedure § 1021.5.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO COMPENSATE FOR ALL HOURS WORKED

**California Labor Code § 223, and IWC Wage Order No. 4**

**(On Behalf of Plaintiffs and the Proposed California Class)**

87.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

88.     Upon information and belief, Defendants' policies and/or practices caused Plaintiffs and the Proposed California Class to work off-the-clock, without being compensated including but not limited to time spent outside of normal work hours, specifically time spent on cell phones, computers or laptops performing work related tasks such as completing trainings or work related online modules.

89.     The California Labor Code, including but not limited to § 223, and IWC Wage Order No. 4, require that employees be paid for all hours worked.

90.     Plaintiffs also seek attorneys' fees and costs under California Labor Code § 1194 and Code of Civil Procedure § 1021.5.

### SEVENTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REIMBURSEMENT OF BUSINESS EXPENSES

**California Labor Code § 2802.**

**(On Behalf of Plaintiffs and the Proposed California Class)**

91.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

92.     While discharging their duties for Defendants, Plaintiffs and the Proposed California Class incurred work-related expenses, which Defendants, as a matter of policy, did not reimburse. For example, Defendants required Plaintiffs and members of the Propose California Class to use their personal cell phones and data plans daily at work to contact Defendants directly during customer appointments and to receive messages from their supervisors. However, Defendants did not compensate Plaintiffs or Proposed California Class members for their use of

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

United States District Court
Northern District of California

their cell phones or data plans.

93.     Plaintiffs and Propose California Class members incurred substantial expenses and as a result of performing their job duties for Defendants.

94.     By requiring Plaintiffs and Proposed California Class members to pay expenses they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction without properly indemnifying for these losses, Defendants have violated California Labor Code section 2802.

95.     By unlawfully failing to pay Plaintiffs and the Proposed California Class members, Defendants are also liable for reasonable attorneys' fees and costs under California Labor Code section 2802(c).

96.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Proposed California Class members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

## EIGHT CLAIM FOR RELIEF

## UNFAIR COMPETITION

**Unfair Practice, California Business & Professions Code § 17200 *et seq*.**

**(On Behalf of Plaintiffs and the Proposed California Class)**

97.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

98.     California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq*., prohibits unfair competition, including any unlawful or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes unlawful business actions and practices in violation of California Business and Professions Code § 17200 *et seq*.

99.     Pursuant to California Business and Professions Code § 17200 *et seq.*, Plaintiffs and the California Class are entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and other applicable law.

- 19 -

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NINTH CLAIM FOR RELIEF

### CIVIL PENALTIES UNDER PRIVATE ATTORNEYS GENERAL ACT OF 2004

**California Labor Code § 2698, *et seq*.**

**(On Behalf of Plaintiffs and the Proposed California Class)**

100.    Plaintiffs, on behalf of themselves and the California Penalties Subclass, allege and incorporate by reference the allegations in the preceding paragraphs.

101.    The Labor Code Private Attorneys General Act ("PAGA"), California Labor Code § 2698, *et seq*., enables courts to award civil penalties for violations of the Labor Code that, prior to the Act, only the California Labor & Workforce Development Agency ("LWDA") could have assessed and collected.

102.    Plaintiffs have provided notice under California Labor Code § 2699.3, and on May 21, 2018, asked the LWDA if it intended to investigate the alleged Labor Code violations set forth in the letter attached as Exhibit D ("PAGA Notice").

103.    Sixty-five days have passed since the postmark date of Plaintiffs' original PAGA Notice, and the LWDA has not provided notice to Plaintiffs regarding its intention to investigate the alleged violations. Under California Labor Code § 2699.3(a)(2)(A), Plaintiffs have exhausted the PAGA notice requirement and seek civil penalties under California Labor Code § 2698, *et seq.*

104.    On behalf of themselves and all other California Penalties Subclass members ("Subclass members") who have worked for Defendants at any time since one year prior to the filing of the initial Complaint to the trial in this action, Plaintiffs allege the following:

105.    California Labor Code § 558 imposes civil penalties, in addition to any other civil or criminal penalty provided by law, upon any employer or other person acting on behalf of an employer who violates a section of Division 2, Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any Industrial Welfare Commission Wage Order. Under Labor Code § 558, Defendants are subject to a civil penalty of (1) for an initial violation, fifty dollars ($50) for each underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was not paid appropriate overtime premiums under Labor Code §

- 20 -

510, as alleged in the Second Claim for Relief, in addition to an amount sufficient to recover unpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for each underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was underpaid under Labor Code § 510, as alleged in the Second Claim for Relief, in an addition to an amount sufficient to recover underpaid wages.

106.    Under California Labor Code § 558, described above, Defendants are subject to a civil penalty of (1) for an initial violation, fifty dollars ($50) for each underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was not provided a meal period under Labor Code § 512, as alleged in the Third Claim for Relief, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for each underpaid Plaintiff and each underpaid Subclass member for each pay period for which the employee was underpaid under Labor Code § 512, as alleged in the Third Claim for Relief, in addition to an amount sufficient to recover underpaid wages.

107.    Under California Labor Code § 2699(f)(2), which provides a civil penalty for those violations of the Labor Code which lack a corresponding statutory penalty, Defendants are subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and each Subclass member per pay period for the initial violation of Labor Code § 226.7 for failing to provide meal periods, as alleged in the Third Claim for Relief, and two hundred dollars ($200) for each Plaintiff and each Subclass member per pay period for each subsequent violation of Labor Code § 226.7 for failing to provide meal periods, as alleged in the Third Claim for Relief.

108.    Under California Labor Code § 2699(f)(2), described above, Defendants are subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and each Subclass member per pay period for the initial violation of Labor Code § 226.7 for failing to provide rest periods, as alleged in the Third Claim for Relief, and two hundred dollars ($200) for each Plaintiff and each Subclass member per pay period for each subsequent violation of Labor Code § 226.7 for failing to provide rest periods, as alleged in the Third Claim for Relief.

109.    Under California Labor Code § 226.3, which provides for civil penalties for violations of the California Labor Code § 226(a) in addition to any other penalty provided by law, Defendants are subject to a civil penalty of two hundred fifty dollars ($250) for each Plaintiff and

United States District Court
Northern District of California

1   each Subclass member for the first violation of Labor Code §226(a), as alleged in the Fourth

2   Claim for Relief, and one thousand dollars ($1,000) for each Plaintiff and each Subclass member

3   for each subsequent violation of Labor Code § 226(a) for failure to provide timely, accurate,

4   itemized wage statements, as alleged in the Fourth Claim for Relief.

5       110.    Under California Labor Code § 2699(f)(2), described above, Defendants are

6   subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and each Subclass

7   member whose employment with Defendants terminated per pay period for the initial violation of

8   Labor Code §§ 201-203 for failure to pay earned wages upon discharge, as alleged in the Fifth

9   Claim for Relief, and two hundred dollars ($200) for each Plaintiff and each Subclass member per

10  pay period for each subsequent violation of Labor Code §§ 201-203, as alleged in the Fifth Claim

11  for Relief.

12      111.    Under California Labor Code § 558, described above, Defendants are subject to a

13  civil penalty of (1) for an initial violation, fifty dollars ($50) for each underpaid Plaintiff and each

14  underpaid Subclass member for each pay period for which the employee was not paid for all

15  hours worked under Labor Code § 223, as alleged in the Sixth Claim for Relief, in addition to an

16  amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred

17  dollars ($100) for each underpaid Plaintiff and each underpaid Subclass member for each pay

18  period for which the employee was underpaid under Labor Code § 223, as alleged in the Sixth

    Claim for Relief, in addition to an amount sufficient to recover underpaid wages.

19      112.    Under California Labor Code § 2699(f)(2), described above, Defendants are

20  subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and each Subclass

21  member per pay period for the initial violation of Labor Code § 2802 for failing to provide

22  reimbursement of business expenses, as alleged in the Seventh Claim for Relief, and two hundred

23  dollars ($200) for each Plaintiff and each Subclass member per pay period for each subsequent

24  violation of Labor Code § 2802 for failing to provide reimbursement of business expenses, as

25  alleged in the Seventh Claim for Relief.

26      113.    Under California Labor Code § 2699(g)(1), Defendants are liable for attorneys'

27  fees and costs with respect to these alleged violations.

28                              **PRAYER FOR RELIEF**

*Rueda, et al. v. Idemia Identity & Security USA, et al.,* THIRD AMENDED COMPL. FOR
DAMAGES, PENALTIES, RESTITUTION, INJ. RELIEF, ATTORNEYS' FEES, AND COSTS

United States District Court
Northern District of California

United States District Court
Northern District of California

114.   WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective and California Classes, pray for relief as follows:

A.   Designation of this action as a collective action on behalf of the Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.   Judgment against Defendants for violation of the overtime provisions of the FLSA and California law and California's meal and rest break provisions;

C.   Judgment that Defendants' violations described above were willful;

D.   An award in the amount equal to Plaintiffs' and the Collective Class's and California Class's unpaid back wages at the applicable overtime rates, unpaid meal and rest period premiums at the applicable regular rates, and un-reimbursed business expenses;

E.   An award of waiting time penalties under California law;

F.   An award of itemized wage statement penalties under California law

G.   An award of PAGA penalties under California Labor Code § 2698, *et seq.*;

H.   An award to Plaintiffs and those similarly situated for the amount of unpaid wages and reimbursements owed, liquidated damages, and penalties where provided by law, and interest thereon;

I.   An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code §§ 218.5, 1194, 2699(g)(1), 2802, California Code of Civil Procedure § 1021.5, and/or other applicable laws;

J.   An award of prejudgment interest to the extent that liquidated damages are not awarded;

1

K.      Injunctive relief; and

2

L.      For such other and further relief, in law or equity, as this Court may deem

3

appropriate and just.

4

5

Dated: January 17, 2019

6

Respectfully submitted,
BRYAN SCHWARTZ LAW

7

By:      *Rachel M. Terp*

8

Bryan J. Schwartz

9

Rachel M. Terp
*Attorneys for Plaintiffs and Others Similarly*
*Situated*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

- 24 -