DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

MICHAEL D. THOMAS, CA Bar No. 226129
michael.thomas@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213.239.9800
Facsimile:     213.239.9045

Attorneys for Defendants
IDEMIA IDENTITY & SECURITY USA, LLC
and MORPHOTRUST USA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE RUEDA, JESSICA COTTON, AND SHELIA SPENDER, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>IDEMIA IDENTITY & SECURITY USA, LLC, MORPHOTRUST USA, LLC, and DOES 1-50,<br><br>　　　　　Defendants. | Case No. 3:18-cv-03794-VC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND ATTORNEYS' FEES AND COSTS**<br><br>Complaint Filed:  May 22, 2018<br>Trial Date:　　　None Set<br>District Judge:　　Vince G. Chhabria<br>　　　　　　　　　Courtroom 4, San Francisco |

Case No. 3:18-cv-03794-VC

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS,
COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, ET AL.

TO PLAINTIFFS CONNIE RUEDA, JESSICA COTTON, AND SHELIA SPENDER AND THEIR ATTORNEYS OF RECORD:

Defendants Idemia Identity & Security USA, LLC and MorphoTrust USA, LLC ("Defendants") hereby answer Plaintiffs' Third Amended Class, Collective, and Representative Action Complaint for Damages, Penalties, Restitution, Injunctive Relief, and Attorneys' Fees and Costs ("Complaint" or "TAC" used interchangeably) filed by Connie Rueda, Jessica Cotton, and Shelia Spender ("Plaintiffs") as follows:

## PRELIMINARY STATEMENT

1.      Defendants admit that Plaintiffs asserted certain claims against them but deny the validity of those claims.  Defendants admit Plaintiffs were employed by Defendant Idemia Identity & Security USA, LLC ("Idemia") as Enrollment Agents I.   Defendants deny the remaining allegations in paragraph 1 of the TAC.

2.      Defendants deny the allegations set forth in Paragraph 2 of the TAC.

3.      Defendants admit that Plaintiffs allege a Proposed FLSA Collective action but deny that any of such allegations in paragraph 3 of the TAC are true or have merit.  Defendants deny the remaining allegations in paragraph 3 of the TAC.

4.      Defendants admit that Plaintiffs allege a Proposed California Class but deny that any of such allegations in paragraph 4 of the TAC are true or have merit.  Defendants deny the remaining allegations in paragraph 4 of the TAC.

5.      Defendants admit that Plaintiffs allege a Proposed Waiting Time Penalties Subclass but deny that any of such allegations in paragraph 5 of the TAC are true or have merit.  Defendants deny the remaining allegations in paragraph 5 of the TAC.

6.      Defendants admit that Plaintiffs allege a Proposed Itemized Wage Statement and PAGA Subclass but deny that any of such allegations in paragraph 6 of the TAC are true or have merit.  Defendants deny the remaining allegations in paragraph 6 of the TAC.

7.      Defendants admit that Plaintiffs make the allegations in paragraph 7 of the TAC, but deny that they are true or have merit.  Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others but deny the validity of those claims and deny that

Plaintiffs may assert claims on behalf of others in this action.  Defendants deny the remaining allegations in paragraph 7 of the TAC.

## THE PARTIES

8.       Defendants admit Plaintiff Rueda worked for Idemia as an Enrollment Agent I from approximately July 2017 through June 2018.  Defendants further admit Plaintiff Rueda worked for Idemia in Alameda County.  Defendants lack sufficient knowledge to admit or deny Plaintiff Rueda's allegation regarding residence or whether she signed Exhibit A to the TAC.  Defendants deny the remaining allegations in paragraph 8 of the TAC.

9.       Defendants admit Plaintiff Cotton worked for Idemia as an Enrollment Agent I from approximately March 2016 through June 2018.  Defendants further admit Plaintiff Cotton worked for Idemia in Alameda County.  Defendants lack sufficient knowledge to admit or deny Plaintiff Cotton's allegation that she worked in San Francisco County and Reno, Nevada. Defendants also lack sufficient knowledge regarding residence or whether she signed Exhibit B to the TAC.  Defendants deny the remaining allegations in paragraph 9 of the TAC.

10.      Defendants admit Plaintiff Spencer worked for Idemia as an Enrollment Agent I from approximately June 2016 through January 2017.  Defendants further admit Plaintiff Spencer worked for Idemia in Las Vegas, Nevada.  Defendants lack sufficient knowledge to admit or deny Plaintiff Spencer's allegation that she worked throughout the United States including Alameda County.  Defendants also lack sufficient knowledge regarding residence or whether she signed Exhibit C to the TAC.  Defendants deny the remaining allegations in paragraph 10 of the TAC.

11.      Defendants admit Idemia is a limited liability company incorporated in Delaware. Defendants deny the remaining allegations set forth in paragraph 11 of the TAC.

12.      Defendants admit MorphoTrust USA LLC is not registered to do business in California.  Defendants deny the remaining allegations set forth in paragraph 12 of the TAC.

13.      Defendants lack sufficient knowledge to admit or deny Plaintiffs' allegations, and on that basis deny such allegations set forth in paragraph 13 of the TAC.

## JURISDICTION AND VENUE

14.      Text Defendants admit this Court has jurisdiction over Plaintiffs as alleged in

2

paragraph 14 of the TAC but deny that Plaintiffs may assert claims on behalf of others in this action.

## FACTUAL ALLEGATIONS

15.     Text Defendants admit that Idemia employed Plaintiffs as Enrolment Agents I. Defendants deny Plaintiffs may assert claims on behalf of others and deny the remaining allegations set forth in paragraph 15 of the TAC.

16.     Defendants admit that Plaintiffs performed non-exempt job duties.  Defendants deny Plaintiffs may assert claims on behalf of others and deny the remaining allegations set forth in paragraph 16 of the TAC.

17.     Defendants admit that Defendants paid Plaintiffs an hourly rate and classified Plaintiffs as non-exempt under federal and California law.  Defendants deny Plaintiffs may assert claims on behalf of others and deny the remaining allegations set forth in paragraph 17 of the TAC.

18.     Defendants deny the allegations set forth in Paragraph 18 of the TAC.

19.     Defendants deny the allegations set forth in Paragraph 19 of the TAC.

20.     Defendants deny the allegations set forth in Paragraph 20 of the TAC.

21.     Defendants deny the allegations set forth in Paragraph 21 of the TAC.

22.     Defendants deny the allegations set forth in Paragraph 22 of the TAC.

23.     Defendants deny the allegations set forth in Paragraph 23 of the TAC.

24.     Defendants deny the allegations set forth in Paragraph 24 of the TAC.

25.     Defendants deny the allegations set forth in Paragraph 25 of the TAC.

26.     Defendants deny the allegations set forth in Paragraph 26 of the TAC.

27.     Defendants lack sufficient knowledge to admit or deny Plaintiffs' allegations in Paragraph 27 of the TAC and on that basis deny such allegations.

28.     Defendants deny the allegations set forth in Paragraph 28 of the TAC.

29.     Defendants deny the allegations set forth in Paragraph 29 of the TAC.

30.     Defendants deny the allegations set forth in Paragraph 30 of the TAC.

31.     Defendants deny the allegations set forth in Paragraph 31 of the TAC.

32.     Defendants deny the allegations set forth in Paragraph 32 of the TAC.

33.     Defendants deny the allegations set forth in Paragraph 33 of the TAC.

34.     Defendants deny the allegations set forth in Paragraph 34 of the TAC.

35.     Defendants deny the allegations set forth in Paragraph 35 of the TAC.

36.     Defendants deny the allegations set forth in Paragraph 36 of the TAC.  Defendants deny Plaintiffs may assert claims on behalf of others and deny the remaining allegations set forth in paragraph 36 of the TAC.

## COLLECTIVE ACTION ALLEGATIONS

37.     Defendants deny the allegations set forth in Paragraph 37 of the TAC.  Defendants deny that there are other individuals who are "similarly-situated" to Plaintiffs for purposes of this action.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

38.     Defendants repeat its admissions and denials to paragraphs 1-37 of the TAC. Defendants deny the remaining allegations in paragraph 38 of the TAC.

39.     Defendants object to the allegations as vague and ambiguous with respect to the phrase "at times" and therefore Defendants deny the allegations set forth in Paragraph 39 of the TAC.

40.     Defendants admit that Defendants paid Plaintiffs an hourly rate.  Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 40 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

41.     Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 41 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

42.     Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 42 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

43.     Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 43 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

44.     Defendants deny the allegations set forth in Paragraph 44 of the TAC.  Defendants deny that there are other individuals who are "similarly-situated" to Plaintiffs for purposes of this action.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

## CLASS ALLEGATIONS

45.     Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 45 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.  Defendants repeat its admissions and denials to paragraphs 4-6 of the TAC.

46.     Defendants repeat its admissions and denials to paragraphs 1-45 of the TAC. Defendants deny the remaining allegations in paragraph 46 of the TAC.

47.     Defendants admit it has employed more than 60 Enrollment Agents in California since May 22, 2014.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 47 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

48.     Defendants deny the allegations set forth in Paragraph 48 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 48 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

49.     Defendants deny the allegations set forth in Paragraph 49 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 49 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

50.     Defendants deny the allegations set forth in Paragraph 50 of the TAC.  Moreover,

Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 50 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

51.     Defendants deny the allegations set forth in Paragraph 51 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 51 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

52.     Defendants deny the allegations set forth in Paragraph 52 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 52 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

53.     Defendants deny the allegations set forth in Paragraph 53 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 53 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

A.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

B.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

C.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

D.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

E.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

F.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

G.     Defendants deny that Plaintiff may assert claims on behalf of others in this

action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

H.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

I.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

J.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

K.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

L.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

M.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

N.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

O.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

P.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

Q.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

R.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

S.     Defendants deny that Plaintiff may assert claims on behalf of others in this action.  Defendants deny the allegations set forth in Paragraph 53 of the TAC.

54.     Defendants deny the allegations set forth in Paragraph 54 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 54 of the TAC but deny the validity of those claims and deny that

7                                    Case No. 3:18-cv-03794-VC

1   Plaintiffs may assert claims on behalf of others in this action.

2          55.      Defendants deny the allegations set forth in Paragraph 55 of the TAC.  Moreover,

3   Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of

4   others as alleged in Paragraph 55 of the TAC but deny the validity of those claims and deny that

5   Plaintiffs may assert claims on behalf of others in this action.

6          56.      Defendants deny the allegations set forth in Paragraph 56 of the TAC.  Moreover,

7   Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of

8   others as alleged in Paragraph 56 of the TAC but deny the validity of those claims and deny that

9   Plaintiffs may assert claims on behalf of others in this action.

10                    **PLAINTIFFS' FIRST CLAIM FOR RELIEF**

11                       **FAIR LABOR STANDARDS ACT**

12                          **29 U.S.C. § 201, *et seq*.**

13           **(On Behalf of Plaintiffs and the Proposed Collective Class)**

14          57.      Defendants repeat its admissions and denials to paragraphs 1-56 of the TAC.

15   Defendants deny the remaining allegations in paragraph 57 of the TAC.

16          58.      Defendants lack sufficient knowledge to admit or deny Plaintiffs allegations in

17   Paragraph 58 of the TAC and on that basis denies these claims.

18          59.      Defendants deny the allegations set forth in Paragraph 59 of the TAC. Moreover,

19   the FLSA speaks for itself and requires no admission or denial.

20          60.      Defendants deny the allegations set forth in Paragraph 60 of the TAC. Moreover,

21   Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of

22   others as alleged in Paragraph 60 of the TAC but deny the validity of those claims and deny that

23   Plaintiffs may assert claims on behalf of others in this action.

24          61.      Defendants deny the allegations set forth in Paragraph 61 of the TAC.

25          62.      Defendants deny the allegations set forth in Paragraph 62 of the TAC.

26          63.      Defendants deny the allegations set forth in Paragraph 63 of the TAC.

27          64.      Defendants deny the allegations set forth in Paragraph 64 of the TAC. Moreover,

28   Defendants admit that Plaintiffs purport to assert claims and seek relief on their own behalf and on

behalf of others as alleged in Paragraph 64 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

65.     Defendants deny the allegations set forth in Paragraph 65 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims and seek relief on their own behalf and on behalf of others as alleged in Paragraph 65 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

## UNPAID OVERTIME WAGES UNDER CALIFORNIA STATE LAW

### California Labor Code §§ 510 and 1194, and IWC Wage Order No. 4

### (On Behalf of Plaintiffs and the Proposed Collective Class)

66.     Defendants repeat its admissions and denials to paragraphs 1-65 of the TAC. Defendants deny the remaining allegations in paragraph 66 of the TAC.

67.     Defendants deny the allegations set forth in Paragraph 67 of the TAC. Moreover, Labor Code Sections 510, 1194, 1198 and the IWC Wage Order No. 4 speak for themselves and requires no admission or denial.

68.     Defendants deny the allegations set forth in Paragraph 68 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 68 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

69.     Defendants deny the allegations set forth in Paragraph 69 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 69 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

70.     Defendants deny the allegations set forth in Paragraph 70 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims and seek relief on their own behalf and on behalf of others as alleged in Paragraph 70 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF

## FAILURE TO PROVIDE OR AUTHORIZE MEAL AND REST PERIODS

### California Labor Code §§ 226.7 and 512 as well as IWC Wage Order No. 4

### (On Behalf of Plaintiffs and the Proposed California Class)

71.     Defendants repeat its admissions and denials to paragraphs 1-70 of the TAC. Defendants deny the remaining allegations in paragraph 71 of the TAC.

72.     Defendants object to the allegations as vague and ambiguous with respect to the term "regularly" and therefore Defendants deny the allegations set forth in Paragraph 72 of the TAC.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 72 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

73.     Defendants deny the allegations set forth in Paragraph 73 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 73 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

74.     Defendants deny the allegations set forth in Paragraph 74 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 74 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

75.     Defendants deny the allegations set forth in Paragraph 75 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 75 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

76.     Defendants deny the allegations set forth in Paragraph 76 of the TAC.

77.     Defendants deny the allegations set forth in Paragraph 77 of the TAC.

///

///

///

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS,
COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, ET AL.

### PLAINTIFFS' FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

#### California Labor Code § 226

#### (On Behalf of Plaintiffs and the Proposed California Class)

78.     Defendants repeat its admissions and denials to paragraphs 1-77 of the TAC. Defendants deny the remaining allegations in paragraph 78 of the TAC.

79.     Labor Code Section 226 speaks for itself and requires no admission or denial.

80.     Defendants deny the allegations set forth in Paragraph 80 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 80 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

### PLAINTIFFS' FIFTH CLAIM FOR RELIEF

### FAILURE TO PAY EARNED WAGES TIMELY AND UPON DISCHARGE

#### California Labor Code §§ 201-204

#### (On Behalf of Plaintiffs and the Proposed California Waiting Time Penalties Subclass)

81.     Defendants repeat its admissions and denials to paragraphs 1-80 of the TAC. Defendants deny the remaining allegations in paragraph 81 of the TAC.

82.     Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 82 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.  Moreover, Defendants object to the allegations as vague and ambiguous with respect to the phrase "directly control the pay" and therefore Defendants deny the allegations set forth in Paragraph 82 of the TAC.

83.     Labor Code Sections 201, 202 and 203 speaks for their self and require no admission or denial.

84.     Defendants deny the allegations set forth in Paragraph 84 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 84 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

85.     Defendants deny the allegations set forth in Paragraph 85 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 85 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

86.     Defendants deny the allegations set forth in Paragraph 86 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 86 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

### PLAINTIFFS' SIXTH CLAIM FOR RELIEF

### FAILURE TO COMPENSATE FOR ALL HOURS WORKED

**California Labor Code § 223, and IWC Wage Order No. 4**

**(On Behalf of Plaintiffs and the Proposed California Class)**

87.     Defendants repeat its admissions and denials to paragraphs 1-86 of the TAC. Defendants deny the remaining allegations in paragraph 87 of the TAC.

88.     Defendants deny the allegations set forth in Paragraph 88 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 88 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

89.     Labor Code Section 223 and IWC Wage Order No. 4 speak for their self and require no admission or denial.

90.     Defendants deny the allegations set forth in Paragraph 90 of the TAC.

### PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REIMBURSEMENT OF BUSINESS EXPENSES

**California Labor Code § 2802.**

**(On Behalf of Plaintiffs and the Proposed California Class)**

91.     Defendants repeat its admissions and denials to paragraphs 1-90 of the TAC. Defendants deny the remaining allegations in paragraph 91 of the TAC.

92.     Defendants deny the allegations set forth in Paragraph 92 of the TAC. Moreover,

Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 92 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

93.     Defendants deny the allegations set forth in Paragraph 93 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 93 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

94.     Defendants deny the allegations set forth in Paragraph 94 of the TAC.

95.     Defendants deny the allegations set forth in Paragraph 95 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 95 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

96.     Defendants deny the allegations set forth in Paragraph 96 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 96 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

## PLAINTIFFS' EIGHT CLAIM FOR RELIEF

## UNFAIR COMPETITION

**Unfair Practice, California Business & Professions Code § 17200 *et seq*.**

**(On Behalf of Plaintiffs and the Proposed California Class)**

97.     Text Defendants repeat its admissions and denials to paragraphs 1-96 of the TAC. Defendants deny the remaining allegations in paragraph 97 of the TAC.

98.     Defendants deny the allegations set forth in Paragraph 98 of the TAC. Moreover, California Business and Professions Code Section 17200 et seq. speaks for itself and requires no admission or denial.

99.     Defendants deny the allegations set forth in Paragraph 99 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 99 of the TAC but deny the validity of those claims and deny that

1    Plaintiffs may assert claims on behalf of others in this action.

2    **PLAINTIFFS' NINTH CLAIM FOR RELIEF**

3    **CIVIL PENALTIES UNDER PRIVATE ATTORNEYS GENERAL ACT OF 2004**

4    **California Labor Code § 2698, *et seq*.**

5    **(On Behalf of Plaintiffs and the Proposed California Class)**

6         100.    Defendants repeat its admissions and denials to paragraphs 1-99 of the TAC.

7    Defendants deny the remaining allegations in paragraph 100 of the TAC.

8         101.    The Labor Code Private Attorneys General Act ("PAGA") speaks for itself and

9    requires no admission or denial.

10        102.    Defendants lack sufficient knowledge to admit or deny Plaintiffs' allegations in

11   Paragraph 102 of the TAC because, contrary to the TAC, Plaintiffs attached no exhibit D to the

12   TAC, and on that basis deny such allegations.

13        103.    Defendants admit the allegations set forth in Paragraph 103 of the TAC.

14        104.    Defendants deny the allegations set forth in Paragraph 104 of the TAC. Moreover,

15   Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of

16   others as alleged in Paragraph 104 of the TAC but deny the validity of those claims and deny that

17   Plaintiffs may assert claims on behalf of others in this action.

18        105.    Defendants deny the allegations set forth in Paragraph 105 of the TAC. Moreover,

19   Labor Code Sections 510 and 558 speak for themselves and require no admission or denial.

20        106.    Defendants deny the allegations set forth in Paragraph 106 of the TAC. Moreover,

21   Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of

22   others as alleged in Paragraph 106 of the TAC but deny the validity of those claims and deny that

23   Plaintiffs may assert claims on behalf of others in this action.

24        107.    Defendants deny the allegations set forth in Paragraph 107 of the TAC. Moreover,

25   Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of

26   others as alleged in Paragraph 107 of the TAC but deny the validity of those claims and deny that

27   Plaintiffs may assert claims on behalf of others in this action.

28        108.    Defendants deny the allegations set forth in Paragraph 108 of the TAC. Moreover,

Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 108 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

109.    Defendants deny the allegations set forth in Paragraph 109 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 109 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

110.    Defendants deny the allegations set forth in Paragraph 110 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 110 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

111.    Defendants deny the allegations set forth in Paragraph 111 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 111 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

112.    Defendants deny the allegations set forth in Paragraph 112 of the TAC.

113.    Defendants deny the allegations set forth in Paragraph 113 of the TAC.

**PLAINTIFFS' PRAYER FOR RELIEF**

114.    Defendants deny the allegations set forth in Paragraph 114 of the TAC. Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others as alleged in Paragraph 114 of the TAC but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

A.    Defendants deny that Plaintiffs are entitled to the relief sought.  Moreover, Defendants deny that there are other individuals who are "similarly-situated" to Plaintiffs for purposes of this action.  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on behalf of others in this action.

B.    Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

1    Moreover, Defendants deny that Plaintiffs may assert claims on behalf of others in this action.

2            C.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

3    Moreover, Defendants deny that Plaintiffs may assert claims on behalf of others in this action.

4            D.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

5    Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

6    behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

7    behalf of others in this action.

8            E.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

9    Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

10   behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

11   behalf of others in this action.

12           F.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

13   Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

14   behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

15   behalf of others in this action.

16           G.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

17   Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

18   behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

19   behalf of others in this action.

20           H.      Defendants deny that Plaintiffs are entitled to the relief sought.  Moreover,

21   Defendants deny that there are other individuals who are "similarly-situated" to Plaintiffs for

22   purposes of this action.  Moreover, Defendants admit that Plaintiffs purport to assert claims on

23   their own behalf and on behalf of others but deny the validity of those claims and deny that

24   Plaintiffs may assert claims on behalf of others in this action.

25           I.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

26   Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

27   behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

28   behalf of others in this action.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS,
COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, ET AL.

1          J.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

2   Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

3   behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

4   behalf of others in this action.

5          K.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

6   Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

7   behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

8   behalf of others in this action.

9          L.      Defendants deny that Plaintiffs are entitled to the relief and judgment sought.

10  Moreover, Defendants admit that Plaintiffs purport to assert claims on their own behalf and on

11  behalf of others but deny the validity of those claims and deny that Plaintiffs may assert claims on

12  behalf of others in this action.

13  **AFFIRMATIVE DEFENSES**

14  Defendants plead the following affirmative defenses to the TAC.  Defendants reserve the

15  right to amend and add to these defenses.  All references to the term "Plaintiffs" below refer to

16  Plaintiffs Connie Rueda, Jessica Cotton, and Shelia Spencer and each member of the putative class

17  they seek to represent.

18  **FIRST AFFIRMATIVE DEFENSE**

19  **(Failure to State a Cause of Action)**

20      1.    The TAC and each purported cause of action alleged therein fail to state facts

21  sufficient to constitute a cause of action upon which relief can be granted against Defendants.

22  **SECOND AFFIRMATIVE DEFENSE**

23  **(Failure to Exhaust Contractual Dispute Resolution Procedures)**

24      2.    The TAC and each purported cause of action alleged therein is barred, in whole or

25  in part, because Plaintiffs failed to exhaust contractual dispute resolution procedures including, but

26  not limited to, arbitration or mediation.

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS,
COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, ET AL.

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Releases)

3      3.      The TAC and each purported cause of action alleged therein is barred, in whole or

4   in part, to the extent Plaintiffs and/or their agent released any purported causes of action against

5   Defendants.

6

## FOURTH AFFIRMATIVE DEFENSE

7

### (Payments)

8      4.      The TAC and each purported cause of action alleged therein is barred, in whole or

9   in part, to the extent Plaintiffs and/or their agents received payment of any of the amounts claimed

10  therein.

11

## FIFTH AFFIRMATIVE DEFENSE

12

### (Laches)

13     5.      The TAC and each purported cause of action alleged therein is barred, in whole or

14  in part, by the equitable doctrine of laches.

15

## SIXTH AFFIRMATIVE DEFENSE

16

### (Statute of Limitations)

17     6.      The TAC, each purported cause of action alleged therein, and the elements of relief

18  sought therein are barred, in whole or in part, by one or more statutes of limitations including, but

19  not limited to, California Code of Civil Procedure §§ 338, 339 and 340, California Business and

20  Professions Code § 17208, and/or California Labor Code § 203.

21

## SEVENTH AFFIRMATIVE DEFENSE

22

### (Estoppel)

23     7.      Plaintiffs are estopped by their own acts, omissions, representations, and/or courses

24  of conduct from asserting the causes of action upon which they seeks relief.

25

## EIGHTH AFFIRMATIVE DEFENSE

26

### (Res Judicata and Collateral Estoppel)

27     8.      The TAC, each purported cause of action alleged therein, and the elements of relief

28  sought therein are barred, in whole or in part, by res judicata and/or collateral estoppel.

1

2

**NINTH AFFIRMATIVE DEFENSE**

**(Judicial Estoppel)**

3        9.        The TAC, each purported cause of action alleged therein, and the elements of relief

4    sought therein are barred, in whole or in part, by judicial estoppel.

5

6

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

7        10.        The TAC and each purported cause of action alleged therein are barred, in whole or

8    in part, by the doctrine of waiver.

9

10

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

11        11.        Plaintiffs have unclean hands with respect to the matters alleged in the TAC and are

12    therefore barred, in whole or in part, from recovering any relief on the TAC or any purported cause

13    of action alleged therein.

14

15

**TWELTH AFFIRMATIVE DEFENSE**

**(No Willful Failure to Pay)**

16        12.        Plaintiffs are not entitled to any penalty award under any provision of California or

17    federal law because at all relevant times Defendants did not willfully, knowingly, or intentionally

18    fail to comply with any provision of law, but rather acted in good faith and had reasonable grounds

19    or belief that it did not violate such provisions.

20

21

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Authorized and Permitted Meal/Rest Breaks)**

22        13.        Plaintiffs' claims related to meal and rest breaks are barred because at all relevant

23    times, Plaintiffs were authorized and permitted to take rest periods as required by law and meal

24    breaks were provided as required by law. To the extent Plaintiffs failed to do so, they freely chose

25    to forego or waive such meal breaks and rest periods, and Defendants did not impede, discourage

26    or dissuade Plaintiffs from taking appropriate meal breaks and rest periods.

27    ///

28    ///

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS,
COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, ET AL.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Justification and Privilege)**

14.     Defendants cannot be liable for any alleged violation of Business and Professions Code § 17200 et seq. because its actions, conduct and/or dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

15.     The TAC and each purported cause of action alleged therein are barred, in whole or in part, to the extent Plaintiffs consented to any and/or all of the conduct about which Plaintiffs now complains.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

16.     Plaintiffs are barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused and/or discharged by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

17.     Some or all of the purported causes of action in the TAC are subject to setoff, offset and/or recoupment.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Balancing of Hardships)**

18.     Plaintiffs are not entitled to injunctive or declaratory relief because the benefit of such relief, if any, is slight compared to the harm Defendants will suffer if injunctive or declaratory relief is permitted.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Lack of Irreparable Injury)**

19.     Plaintiffs are not entitled to injunctive or declaratory relief because they will not suffer any irreparable injury if injunctive or declaratory relief is declined.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Representative Claims Violate Defendants' Rights)

3      20.      Defendants alleges that, to the extent the Court declines to certify a class, then

4  maintenance of those claims as "representative" actions under the Business and Professions Code

5  or the PAGA (assuming, arguendo, some or all of these claims could be so maintained, which

6  Defendants specifically deny) would violate the Due Process Clause of the United States and

7  California Constitutions by authorizing actions to be brought on behalf of a class without requiring

8  class certification of persons allegedly injured by the challenged act or practice.  Moreover, any

9  finding of liability pursuant to the Business and Professions Code would violate the Due Process

10  Clause of the United States and California Constitutions because, among other things, the

11  standards of liability under the Business and Professions Code and PAGA are unduly vague and

12  subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no

13  legitimate governmental interest.  Finally, any award of restitution under the Business and

14  Professions Code would violate the Excessive Fines and Due Process Clauses of the United States

15  and California Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

16

17

### (Primary Jurisdiction Doctrine)

18      21.      The TAC and each purported cause of action alleged therein should be abated in the

19  Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the

20  California Division of Labor Standards Enforcement, which have primary jurisdiction over

21  Plaintiffs' claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22

23

### (Failure to Exhaust Administrative Remedies)

24      22.      Plaintiffs' claims are barred to the extent they failed to exhaust administrative

25  remedies, including but not limited to those provided by Cal. Lab. Code § 2699.3.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

26

27

### (No Injury by Wage Statements)

28      23.      Plaintiffs' claims pursuant to Cal. Lab. Code § 226(e) are barred to the extent

1  Plaintiffs were not injured by such wage statements.

2  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3  **(No Employment Relationship)**

4  24.     Plaintiffs are not entitled to any recovery against Defendant Morpho Identity &

5  Security USA, LLC because they did not employ Plaintiffs nor make any adverse employment

6  decisions regarding Plaintiffs.

7  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

8  **(Independent, Intervening, and Superseding Causes)**

9  25.     Plaintiffs' damages, if any, are the proximate result of independent, intervening, or

10  superseding causes, including without limitation, the conduct of Plaintiffs or others, for which or

11  whom Defendants are not and is not responsible, and therefore, Plaintiffs' damages, if any, are

12  unrelated to any conduct on the part of Defendants, or anyone acting on Defendants' behalf.

13  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

14  **(Adequacy)**

15  26.     Plaintiffs and their counsel are not adequate representatives of those they purport to

16  represent.

17  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

18  **(Predominance)**

19  27.     For some of or all the claims asserted, individual issues of fact or law predominate

20  over common issues, and class treatment is not superior to other methods for fairly and efficiently

21  adjudicating this action.

22  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

23  **(Labor Code § 2802)**

24  28.     As a separate affirmative defense to the Complaint, Defendants allege that Plaintiffs

25  were reimbursed for all employment related expenses and therefore neither Plaintiffs nor any

26  putative class member has any claim for relief against Defendants.

27  ///

28  ///

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (Labor Code § 2802)

3      29.      As a separate affirmative defense to the Complaint, Defendants allege that all or

4  some of the expenses allegedly incurred by Plaintiffs would have been otherwise incurred

5  regardless of their employment with Defendant.

6

## PRAYER FOR RELIEF

7      WHEREFORE, Defendants prays for judgment as follows:

8      1.      That Plaintiffs take nothing by way of the TAC;

9      2.      That the TAC is dismissed with prejudice;

10      3.      That the Court enter judgment for Defendants and against the Plaintiffs on all

11  alleged claims;

12      4.      That the Court award Defendants its attorneys' fees and costs of suit, including

13  pursuant to Cal. Lab. Code § 218.5

14      5.      The Court grant Defendants such other and further relief as the Court deems just

15  and proper.

16

17  DATED:  March 29, 2019                    OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
18

19                                            By:  /s/ Michael D. Thomas
                                                   Douglas J. Farmer
20                                                 Brian D. Berry
                                                   Michael D. Thomas
21

22                                            Attorneys for Defendant
                                              IDEMIA IDENTITY & SECURITY USA, LLC
23                                            and MORPHOTRUST USA, LLC

24                                                                       37881450.1

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS,
COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, ET AL.