# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| Connie Rueda, Jessica Cotton, and Shelia Spencer, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>Idemia Identity & Security USA, LLC, MorphoTrust USA, LLC, and Does 1-50,<br><br>    Defendant. | **CASE NO.: 3:18-cv-03794-VC**<br><br>**REVISED [Proposed] ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION AMENDED SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS** |

On December 12, 2019, at 10:00am in the United States District Court for the Northern District of California, the Honorable Vince Chhabria presiding, this action came on for hearing on Plaintiffs' Motion for Final Approval of Class Action Amended Settlement and Plaintiffs' Motion for Attorneys' Fees and Costs.

Having considered the papers and oral argument submitted in support of the motions and the parties' class action amended settlement, the Court hereby **ORDERS** that the motions are **GRANTED**.

The Court determines as follows:

1. Pursuant to the Preliminary Approval Order and the terms of the Class Action Amended Settlement and Stipulation (the "Amended Settlement," ECF No. 84-1), the class notice (ECF Nos. 88-1 and 88-2) was mailed to class members via first class mail. Skip traces were performed for returned correspondence and those class members were contacted either through first class mail with updated address or by telephone or email. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the Amended Settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2. The class as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23 and the class is appropriate for final certification for settlement purposes.

3. Considering strength of the case and the risks of further litigation, the Court views the $2,948,867 settlement as ~~very favorable~~ reasonable for the class.

4. No class members have objected or excluded themselves from the amended settlement. The one class member who raised a dispute has had her concerns addressed and her award adjusted accordingly.

5. The 1,061 class members will be awarded, on average, a net recovery of $2,280.27, which is significant for the low-wage workers in the case, and – according to Plaintiffs' counsel's estimations – amounts to approximately 30% of the best-day potential recovery, before penalties.

6. The Amended Settlement was negotiated at arm's length, after extensive, contentious litigation, several depositions and voluminous document exchanges, and after a mediation and months of bilateral negotiations.

7. ~~Experienced Class Counsel, Bryan Schwartz Law, have worked ably and actively to vindicate the class members' interests.~~

8. The parties exhausted required government reporting under the California Labor Code Private Attorneys General Act (PAGA), §2698, *et seq.* The government declined to intervene. The Court finds that the $50,000 PAGA allocation (approximately 1.7% of the common fund), with $37,500 to be distributed to California's Labor Workforce Development Agency, is fair, since PAGA ultimately was not a driver of the settlement amount and since the overall settlement provides meaningful relief to the class members. *See Nordstrom Com'n Cases*, 186 Cal.App.4th 576, 589 (2010).

9. The Court finds reasonable the service payments for named plaintiffs Connie Rueda and Jessica Cotton ($7,500 each), named plaintiff Shelia Spencer ($4,000), and class member declarants ($1,000 each). Rueda, Cotton, and Spencer all stepped forward to file this suit, risked notoriety in doing so, and dedicated substantial efforts to benefitting the class. All helped educate Class Counsel about their work, including collecting responsive documents. All provided declarations in support of conditional certification. Plaintiffs Rueda and Cotton also sat for full-day depositions and participated in-person at an all-day mediation (Plaintiff Spencer made herself available by phone). The named plaintiffs and deponents all furthered the litigation, benefitting the class and helping lead to this favorable outcome.

10. Plaintiff's request for $425,000 in attorneys' fees – at 14.4% of the common fund and a lodestar roughly equal to the amount requested – and $20,000 in costs is reasonable. The Court has reviewed counsel's declaration and exhibits and finds the amounts are well-supported. The Court will

3

withhold 10% of the attorneys' fees until after the Post-Distribution Accounting has been filed. ~~This is appropriate given the modest attorneys' fees request and the strong result that Class Counsel has achieved.~~

11. The Claims Administrator, Rust Consulting, has notified the Court that the allotted $20,000 in the Amended Settlement for its services does not cover its fees and costs in this matter. Rust Consulting has requested a total of $27,425, with the $7,425 to be distributed to Rust Consulting after the initial settlement distribution and, using the remainder from uncashed checks, prior to a second distribution to Class Members or to a *cy pres* recipient. ~~The Court finds~~

12. The Court therefore **ORDERS** that the amended settlement is **APPROVED** and the foregoing amounts shall be paid from the settlement fund.

13. This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

14. The claims of the Settlement Class Members are hereby **DISMISSED WITH PREJUDICE**, with each party to bear his, her, their, or its own attorneys' fees and costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding over the disbursement of the Settlement Fund.

15. Neither this Order nor the Settlement Agreement constitutes an admission or concession by any of the released parties of any fault, omission, liability or wrongdoing. This order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, Defendant, or the Class Members.

4

REVISED [Proposed] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION AMENDED SETTLEMENT AND ATTORNEYS' FEES AND COSTS,
CASE NO.: 3:18-cv-03794-VC

16. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

17. The Court further orders the following Implementation Schedule for settlement administration:

| | |
|---|---|
| Defendants deliver total Settlement Fund to settlement administrator | Within 15 business days of final approval |
| Settlement administrator provides Parties with accounting of all anticipated payments and awards | Within 5 business days of Defendants' delivery of total Settlement Fund |
| Checks distributing settlement funds mailed to class members (first distribution) | Within 14 calendar days of Defendants' delivery of total Settlement Fund |
| Checks distributing settlement funds mailed to class members (second distribution) | After 90 calendar days after the first distribution if total amount of unclaimed funds exceeds $25,000 (if $25,000 or less, distributed to *cy pres*) |
| Distribution of remaining settlement funds to *cy pres* recipient | After 90 calendar days after the second distribution |
| Class Counsel files Post-Distribution Accounting | Within 21 calendar days of distribution of settlement funds to the *cy pres* recipient |

18. As part of its Post-Distribution Accounting, Class Counsel will include language describing when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per class member, the largest and smallest amount paid to class members, the number and value of cashed and uncashed checks, the number of members who could not be contacted, the amount distributed to the *cy pres* recipient, any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
VINCE CHHABRIA
United States District Judge